UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CIVIL APPEAL STATEMENT OF PARTIES AND ISSUES

Case No: __10-2646__        Case Manager: __Louise Schwarber__

Case Name: __Shapiro v Jamil, et al__

Is this case a cross appeal?  ☐ Yes  ☑ No
Has this case or a related one been before this court previously?  ☐ Yes  ☑ No
If yes, state:
  Case Name: _____  Citation: _____
  Was that case mediated through the court's program?  ☐ Yes  ☑ No

**Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise:**

---

**PARTIES:**

Nibras Jamil, Joanna Thomas

**SPECIFIC ISSUES:** See attached Exhibit 1.

---

This is to certify that a copy of this statement was served on opposing counsel of record this __30th__ day of __December__, __2010__.

__Christopher G. Bovid__
Name of Counsel for Appellant

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re:                                              Case No. 10-2646

WALTER T. JAMIL

    Debtor.
_____/

In re:

EUGENE J. THOMAS,

    Debtor.
_____/

MARK H. SHAPIRO, Chapter 7 Trustee,

    Plaintiff,

v.

NIBRAS JAMIL,

    Defendant.
_____/

MARK H. SHAPIRO, Chapter 7 Trustee,

    Plaintiff,

v.

JOANNA THOMAS,

    Defendant.
_____/

**EXHIBIT 1 TO**
**APPELLANT'S CIVIL APPEAL STATEMENT OF PARTIES AND ISSUES**
**(SPECIFIC ISSUES APPELLANT PROPOSES TO RAISE ON APPEAL)**

I. Did the District Court err in affirming the Bankruptcy Court's error as a matter of law in denying Appellant's Motion for Summary Judgment because the Bankruptcy Court found, contrary to established Michigan case law, that Appellees were not estopped from contradicting the information represented on the subject business's tax returns and that genuine issues of material fact existed?

- Appellant answers, "Yes."
- Appellees will answer, "No."

II. Did the District Court err in affirming the Bankruptcy Court's clear reversible error when the Bankruptcy Court granted Appellees' oral motion for judgment on partial findings where the Appellant presented compelling evidence proving every element of each claim raised against Appellees in the complaint?

- Appellant answers, "Yes."
- Appellees will answer, "No."

   a. Did the District Court err in affirming the Bankruptcy Court's error as a matter of law and/or abuse of its discretion when the Bankruptcy Court ruled that the Appellees were not estopped from arguing that their respective debtor husbands each transferred his 50% ownership interest in a business to Appellees in 2003, when the Appellees' and debtors' respective joint tax returns filed with the Internal Revenue Service in 2006, along with business income tax returns filed with the Internal Revenue Service and the Michigan Department of Treasury from 2003 through 2006, demonstrate that the debtors were always the actual owners of the business, and further, controlling federal and state law prohibit Appellees from challenging the veracity of these returns as a matter of law?

   - Appellant answers, "Yes."
   - Appellees will answer, "No."

   b. Did the District Court err in affirming the Bankruptcy Court's error as a matter of law and/or abuse of its discretion when the Bankruptcy Court found that the subject business's limited liability company annual statements filed with the State of Michigan Department of Labor & Economic Growth from 2004 through 2007, which were signed by the debtors as "member" or "partner," did not estop the Appellees from arguing that the debtors transferred their respective 50% ownership interest in the business to the Appellees in 2003?

   - Appellant answers, "Yes."
   - Appellees will answer, "No."

   c. Did the District Court err in affirming the Bankruptcy Court's error as a matter of law and/or abuse of its discretion when the Bankruptcy Court found that debtor, Walter Jamil's, sworn affidavit filed with the Michigan Sixth Judicial Circuit Court (Oakland County) in 2007, which stated that the debtor and his debtor-

brother were still the sole owners of the subject business, did not estop the Appellees from arguing that the debtors transferred their respective 50% ownership interest in the business to the Appellees in 2003?

- Appellant answers, "Yes."
- Appellees will answer, "No."

d. Did the District Court err in affirming the Bankruptcy Court's error as a matter of law and/or abuse of its discretion when the Bankruptcy Court found Appellee, Nibras Jamil, and debtor, Walter Jamil's, testimony credible after also finding that each committed perjury during trial by attesting under oath on the witness stand to forged signatures on Appellees' proposed exhibits, and after also finding a creditor's state court judgment against both debtors non-dischargeable as a result of fraud?

- Appellant answers, "Yes."
- Appellees will answer, "No."

e. Did the District Court err in affirming the Bankruptcy Court's error as a matter of law and/or abuse of its discretion when the Bankruptcy Court found, contrary to the overwhelming weight of the evidence presented at trial, that the debtors each transferred their 50% ownership interest in the business to the Appellees prior to having a $2.8 million state court judgment entered against both of them?

- Appellant answers, "Yes."
- Appellees will answer, "No."

f. Did the District Court err in affirming the Bankruptcy Court's error as a matter of law and/or abuse of its discretion when the Bankruptcy Court failed to issue any decision regarding the consequences of the Court's finding that Appellee, Nibras Jamil, and debtor, Walter Jamil, had committed perjury in attesting under oath on the witness stand to forged signatures on Appellees' proposed exhibits?

- Appellant answers, "Yes."
- Appellees will answer, "No."